IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEHRAN MOSBRIANTANHA and FARHAD SHIRMOHAMMADI :

v. : Civil Action No. DKC 2007-0211

PATCHLINK CORPORATION :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consolidated employment discrimination case are the motions by Defendant Patchlink Corporation to strike the jury demands of Plaintiffs Mehran Mosbriantanha and Farhad Shirmohammadi. For the reasons set forth below, the court will deny Defendant's motion to strike and grant Plaintiffs' cross motion for jury trial.[1]

**I. Background**

The background of this case is summarized below, based on Plaintiffs' allegations. This case arises from Plaintiffs' employment by Defendant at its office in Greenbelt. Plaintiffs allege that each was terminated on the basis of his national origin in violation of Section 2-222 of the Prince George's County Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., and 42 U.S.C. § 1981. Plaintiffs also assert that Defendant

[1] Despite the earlier order consolidating the cases, papers have been filed in this case as well as in 07-321. By separate order, the clerk was directed to close 07-321 administratively. Henceforth, the parties are to file all papers in this case only.

breached a duty of good faith and fair dealing. Plaintiffs initially filed a complaint in the Circuit Court for Prince George's County and the cases were removed by Defendant. Defendant's answers were filed in each case soon thereafter. An amended complaint was filed April 12, 2007, and Plaintiffs filed a jury demand on April 18, 2007. Defendant moved to strike the jury demands. Plaintiffs oppose the motion to strike and filed a cross motion for a jury trial.

**II. Standard of Review**

The right to a trial by jury is "not automatic." *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964). A party who intends to demand a jury trial must do so no later than 10 days after the last pleading directed to the issue is served. Fed.R.Civ.P. 38(b). If a jury demand is not properly served and filed, the right to a jury trial is waived. Fed.R.Civ.P. 38(d). Rule 39(b) governs where no timely demand has been made:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980). The factors a district court should consider when weighing whether to grant a jury trial under 39(b) include:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i. e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

636 F.2d at 940, n. 11 (citations omitted).

**III. Analysis**

Plaintiffs acknowledge that they failed to file timely a jury demand pursuant to Rule 38. They also acknowledge that they are not entitled to the provisions in Rule 81(c) that authorize jury trials under certain circumstances following removal. Plaintiffs do not provide any specific reason for the untimeliness of their request, but argue that the court should exercise discretion to grant an exception under Rule 39(b).

Defendant contends that pursuant to *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197 (4th Cir. 1964), in the Fourth Circuit "exceptional circumstances" should be required to compel a court to grant a jury trial under Rule 39(b). Because Plaintiffs have admitted that they have "no strong reason for failing to make the demand earlier," Defendant argues that "exceptional circumstances" are absent and the court should not grant an exception under Rule 39(b) and should strike Plaintiffs' jury demands.

Defendant misconstrues *General Tire*. In that case, the Fourth Circuit refused to second guess the district court's denial of a

39(b) motion. Specifically, the Court of Appeals stated that "there may be exceptional circumstances present which would appear to compel the court, in the exercise of its discretion, to order a jury trial. But, in the instant case, the circumstances militate against, rather than in favor of, trial by jury." *Id* at 197. *General Tire*, however, only refers to circumstances which "compel the court" to order a jury trial. It does not indicate that a district court may only grant a jury trial under such circumstances. The plain language of Rule 39(b) places the decision to order a jury trial in the court's discretion when a party so moves "on any issue for which a jury might have been demanded." Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." *Malbon*, 636 F.2d at 940.

Defendant has forgone any analysis under the factors suggested in *Malbon*, focusing instead on the reason for the failure to make a timely demand. Defendant cites other district court cases for the proposition that "mere inadvertence" or "oversight" is an insufficient justification for failure to comply with Rule 38 and justifies denying a jury trial. *See Cedars-Sinai Med. Ctr v. Revlon, Inc.*, 111 F.R.D. 24, 31 (D.Del. 1986); *Boice v. United States*, 87 F.R.D. 494, 495 (D.Ariz. 1980). Plaintiffs note that these cases arise in other circuits and accordingly are not subject to the Fourth Circuit's precedent in *Malbon*. Furthermore, the Ninth Circuit applies a different standard to determinations

pursuant to Rule 39(b) and has held that the discretion given to a judge under it is "narrow and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

A leading commentary on the Federal Rules says of Rule 39(b):

> Those courts that have taken a highly restrictive view of the circumstances in which the discretion given by Rule 39(b) will be exercised in favor of allowing a jury trial have reasoned that the power to order trial by jury given them by that rule was not intended to serve as a device to circumvent or bypass the positive action that must be taken under Rule 38 to obtain jury trial. These decisions seem to place the emphasis in the wrong place. Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied. . . . Since Rule 39(b) entrusts discretion in this matter to the district courts, the appellate courts ordinarily will not intervene, whether the district court has granted the motion or denied it.

9 C. Wright & A. Miller *Federal Practice and Procedure*, § 2334 at 113-16, 123 (1971) (footnotes with citations omitted).

Analysis of the *Malbon* factors favors granting a jury trial. Employment discrimination claims are among the types of claims

which are most commonly settled by federal juries around the country. Unlike a patent infringement case, employment cases rarely present the type of technical decisions that would be better addressed to a judge. Plaintiffs filed their jury demand two to three months after Defendant filed its answer. Defendant has not proffered any harm that accrued to it during this time frame and the court does not find a delay of this length to be inherently problematic to a Rule 39(b) request. Nor would there be a detrimental effect on the court's docket or to the administration of justice as a result of this case proceeding as a jury trial.

**IV. Conclusion**

For the forgoing reasons, Defendant's motion to strike the jury demand will be denied, and Plaintiffs' cross motion for a jury trial will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge